IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremiah Martin Gregory,<br><br>    Plaintiff,<br><br>vs.<br><br>Jay Koon; Mr. Singleton; Captain Currence; Dr. Darby; Correctional Officer Stevens; Correctional Officer Bookman; Sargent Jenkins-Merritt; Deputy Hall; Correctional Officer Scott; Correctional Officer Pough; Correctional Officer Durr; Lieutenant Hare; Lieutenant Felder; Correctional Officer Murphy; Correctional Officer Gantt; Correctional Officer Pickman; Nurse Colon; Lieutenant Bailey; Lieutenant Treaster; Nurse Asia; Nurse Mr. Martin; Nurse Ms. Martin; Correctional Officer Oliver; Nurse Kristy; Nurse JT; Nurse Melissa; Nurse Lockhart; Health Admin Lisa; Nurse Smith; Nurse Practitioner Beth; Ms. Emily Scott; Lexington County Sheriff Dept; and Wellpath,<br><br>    Defendants. | Case No.: 5:22-cv-2743-JD-KDW<br><br>**ORDER AND OPINION** |

  This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 147.)  Plaintiff Jeremiah Martin Gregory ("Plaintiff" or "Gregory"), proceeding *pro se* and *in forma pauperis*, brought this action against Defendants Jay Koon, Mr. Singleton, Captain Currence, Officer Stevens, Officer

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

1

Bookman, Sargent Jenkins-Merritt, Deputy Hall, Officer Pough, Officer Durr, Lieutenant Hare, Lieutenant Felder, Officer Murphy, Officer Gantt, Lieutenant Bailey, Lieutenant Treaster, Emily Scott, and Lexington County Sheriff's Department (collectively the "LCDC Defendants") and Defendants Emily Scott, Nurse Practitioner Beth, Dr. Darby, Dr. Jane Doe, Nurse Colon,[2] Nurse Asia, Nurse Mr. Martin,[3] Nurse Ms. Martin, Nurse Kristy, Nurse JT, Nurse Melissa, Nurse Lockhart, Nurse Smith, and Wellpath (collectively the "Wellpath Defendants") for allegedly violating his civil rights while he was a pretrial detainee at Lexington County Detention Center ("LDC").

On or about June 1, 2022, Plaintiff slipped and fell due to "soap and water on the floor with no wet floor sign." (DE 1, p. 11, See DE 124-1, 50:15-20.) Plaintiff alleges he injured his back when he fell and has felt tingling and numbness in his neck, legs, and feet and tingling in his left elbow since this incident occurred. (Id. at 14-15.) During Plaintiff's deposition, he further explained that on June 1, 2022, after MedPass left his pod, he was moving toward the shower and slipped in soapy water. (DE 124-1, 50:15-20.) Defendant Nurse Kristy came over to assist Plaintiff and brought him a wheelchair to use. (Id. at 50:19-22.) Plaintiff alleges Defendants have refused him outside medical treatment, medical devices, and medication since June 1, 2022. (DE 1, p. 17.) Plaintiff alleges that the medical staff and prison officials have treated him harshly or otherwise ignored his requests for medical attention. (Id.). Plaintiff alleges he was also blocked from sending electronic grievances via the kiosks in the prison. (Id. at 18.) Finally, Plaintiff alleges that he was punished for seeking medical attention and/or administrative help. (Id. at 15.)

---

[2] In their Motion, Defendants believe Plaintiff's reference to Nurse Coland refers to Nurse Colon, who he also alternatively names as Health Admin Lisa. (DE 125.) Plaintiff did not respond to this fact; therefore, the Court assumes Nurse Coland should be spelled Nurse Colon, and is the same individual identified as Health Admin Lisa.

[3] In their Motion, Defendants explain that Nurse Ms. Martin may have been improperly identified by Plaintiff as Nurse Mr. Martin.

The LCDC Defendants filed a Motion for Summary Judgment on August 24, 2023. (DE 124.) That same day the Wellpath Defendants filed a motion for Summary Judgment. (DE 125.) Plaintiff filed Responses to both Motions. (DE 131, DE 144.) The Wellpath Defendants filed a Reply. (DE 145.) Plaintiff named two other Defendants, Officer Pickman and Officer Oliver, in his Complaint. On October 6, 2022, both USM Forms-285 for Defendants Pickman and Oliver were returned unexecuted because these Defendants were unable to be identified. (DE 19, DE 20.) Plaintiff has not otherwise attempted to effect service on these individuals pursuant to Federal Rule of Civil Procedure 4.

The Report was issued on January 26, 2024, recommending the LCDC Defendants' Motion for Summary Judgment be granted as to all claims and the Wellpath Defendants' Motion for Summary Judgment be granted as to all claims. Plaintiff did not file an objection to the Report. In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Therefore, the Court adopts the Report (DE 147) and incorporates it here by reference.

It is, therefore, **ORDERED** that LCDC Defendants' Motion for Summary Judgment (DE 124) is granted as to all claims, and the Wellpath Defendants' Motion for Summary Judgment (DE 125) is granted as to all claims.

**IT IS SO ORDERED**.

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
February 16, 2024

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from this date, under Rules 3 and 4 of the Federal Rules of Appellate Procedure.